UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

|  |  |  |
|---|---|---|
| BRALEN LAMAR JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:20-cv-164-HRW |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| IAN CONNORS, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Bralen Lamar Jordan is an inmate currently confined at the United States Penitentiary ("USP")-Thomson in Thomson, Illinois. Proceeding without an attorney, Jordan has filed a civil rights action against prison officials pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [D.E. No. 1][1] As previously directed [D.E. No. 13], Jordan has re-filed his complaint on the form approved for use by this Court. [D.E. No. 14][2]

---

[1] Jordan originally filed this action in the United States District Court for the Northern District of Illinois. After that Court determined that the crux of Jordan's complaint involved events that occurred at USP-McCreary, which is located in McCreary County in the Eastern District of Kentucky, the action was transferred to this Court. [D.E. No. 8]

[2] As originally filed, Jordan's complaint failed to comply with the requirements of Rule 8 of the Federal Rule of Civil Procedure. Thus, the Court directed Jordan to re-file his complaint using the form approved for use by this Court, clarifying the nature and factual basis of Jordan's claims and specifying the Defendants against

By separate order, the Court granted Jordan's motion to proceed without prepayment of the filing fee. [D.E. No. 13]  Thus, this matter is now before the Court to conduct a preliminary review of Jordan's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.  Upon initial screening, the Court must dismiss any claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is obviously immune from such relief.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).  At this stage, the Court accepts Jordan's factual allegations as true and liberally construes Jordan's legal claims in his favor.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

The Court evaluates Jordan's complaint under a more lenient standard because he is not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  However, the principles requiring generous construction of *pro se* pleadings are not without limits.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Wilson v. Lexington Fayette Urban County Government*, No. 07-cv-95-KSF, 2007 WL 1136743 (E.D. Ky. April 16, 2007).  While the Court construes *pro se* pleadings with some leniency, "liberal construction does not require a court to conjure allegations on a litigant's

---

whom they were asserted in a manner sufficient to satisfy the minimum pleading requirements of Federal Rule of Civil Procedure 8(a)(2).  [R. 13]

behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).

The allegations of Jordan's complaint are set forth in a somewhat rambling and disjointed narrative, thus they are not entirely clear.  Indeed, Jordan's re-filed complaint fails to follow this Court's prior instructions to state his claims in a manner that is "short and plain" and describe only the facts relevant to this case, specifically identifying the people, dates, places, and actions which are relevant to his claims, and explain what he wants the Court to do.  Throughout Jordan's complaint are conclusory allegations of torture, abuse of powers, cruel and unusual punishment, "barbarous acts," and the like, with no factual allegations to support these conclusions.  To be clear, "the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).  In addition, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555.

Even so, from what the Court is able to ascertain, the basis for Jordan's claims appears to be the responses of Ian Connors, the National Inmate Appeal Administrator for the federal Bureau of Prisons ("BOP"), to Jordan's various

administrative appeals and tort claims.  Jordan's complaint alleges that Defendant Connors (the only Defendant named in Jordan's re-filed complaint), "will intentionally den[y] ever[y] claim of complaint that comes cross [his] desk to where abuse of powers and cruel and unusual punishment will continue to become serious issues of torture and other similar practices where elements of the 8th Amendment subjective and objective [component] are serious at stake, excessive fine imposed, and unjust infliction of punishment is overlooked by [his] office in the past and present time."  [D.E. No. 14 at p. 2]  Jordan then references multiple incidents about which he apparently filed administrative grievances, including an incident where blood was drawn from the crook of his elbow with a needle while he was housed at USP-McCreary, causing him pain, as well as a time that he was allegedly placed in 4-point restraints for over 20 hours.  He further claims that USP-McCreary Warden Ormond retaliated against him due to a personal relationship between Ormond and the mother of Jordan's child.  [*Id*. at p. 3]  Jordon also claims that a DHO Officer imposed excessive fines.  [*Id*.]  He further alleges that his medical treatment was neglected while he was at USP-McCreary and that a DHO sanctioned him based on a document fabricated by Warden Ormond.  [*Id*. at p. 4]  He also refers to an incident where a correctional officer placed a finger in Jordan's mouth, causing him to bite down on it.  [*Id*. at p. 7]

Jordan alleges that when he appealed his sanctions to Ian Connors, Connors neglected to investigate the issue and completely denied all grievances and rejected sensitive issues. [*Id*. at p. 4]  He also alleges that he later filed several tort claims regarding his allegations of excessive force and mistreatment, but that these were denied by Mid-Atlantic Regional Counsel Michael Frazier.  Jordan also alleges that excessive fines have been imposed upon him at USP-Thomson located in Thomson, Illinois.  [*Id*. at p. 5]

However, to be clear, Jordan does not appear to be asserting Eighth Amendment claims directly related to these incidents themselves, as he does not identify any of the individuals involved as Defendants, nor does he request relief from these individuals.[3]   Rather, Jordan's claim appears to be that Defendant Connors' failure to investigate Jordan's various claims on administrative appeal, as well as Connors' denial of Jordan's administrative appeals, is itself "deliberate indifference as to the merits of [Jordan's] complaints," causing Jordan additional harm by not resolving issues, but instead rejecting or denying them.  [*Id*. at p. 5-6,

---

[3]Even if Jordan had asserted Eighth Amendment claims against officials at USP-McCreary, it appears that such claims would be untimely, as Jordan was transferred from USP-McCreary to USP-Lewisburg in Pennsylvania in April 2018.  [D.E. No. 8]  Jordan did not file his original complaint in this action until July 6, 2020, thus Kentucky's one-year statute of limitations applicable to his constitutional claims would have expired well over a year before he filed his defective complaint.  Ky. Rev. Stat. § 413.140(1)(a); *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003).

5

12] Jordan claims that Connors' actions violate Jordan's rights under the Eighth and Fourteenth Amendments, as well as his international universal human rights. [*Id*. at p. 6] As relief, he seeks $656 million in damages. [*Id*. at p. 14]

The Court has reviewed the complaint pursuant to 28 U.S.C. §§ 1915(e), 1915A, and concludes that it must be dismissed for failure to state a claim for which relief may be granted. Jordan's claims seeking monetary damages for Connors' alleged violations of Jordan's rights must be brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), which held that an individual may "recover money damages for any injuries...suffered as a result of [federal] agents' violation of" his constitutional rights." *Bivens* 403 U.S. at 397. However, while *Bivens* expressly validated the availability of a claim for damages against a federal official in his or her individual capacity, an officer is only responsible for his or her own conduct. *Iqbal*, 556 U.S. at 676-677. *See also Ziglar v. Abbasi*, 137 S.Ct. 1843, 1860 (2017). Thus, in order to recover against a given defendant in a *Bivens* action, the plaintiff "must allege that the defendant [was] personally involved in the alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (*citing Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)). Accordingly, a plaintiff must "plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676. *See also Sampson v. Garrett*, 917 F.3d 880,

6

882 (6th Cir. 2019) ("Even a pro se prisoner must link his allegations to material facts…and indicate what each defendant did to violate his rights…") (citations omitted).

However, "*Bivens* liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance." *Nwaebo*, 100 F. App'x at 369 (citing *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999)). *See also Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008) ("if the allegation is brought against Dunlap and Thomas for actions they committed for failing to intervene, the claim also fails. The denial of administrative grievances or the failure to act by prison officials does not subject supervisors to liability under § 1983.") (internal quotation marks omitted) (*citing Shehee*, 199 F.3d at 300); *Alder v. Corr. Medical Services*, 73 F. App'x 839, 841 (6th Cir. 2003) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). As this is precisely the nature of Jordan's claims against Connors, monetary relief pursuant to *Bivens* is unavailable.

Nor may Jordan proceed in a *Bivens* claim against an administrator such as Connors based solely on a theory that, as a supervisor or a BOP administrative employee, Connors is responsible for the conduct of other employees, particularly employees at all BOP institutions. Such a form of sweeping supervisory liability is unavailable in a *Bivens* action: "[i]n a § 1983 suit or a *Bivens* action - where masters

7

do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Iqbal*, 556 U.S. at 677 (2009). *See also Ziglar*, 137 S.Ct. at 1860; *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). "'The purpose of *Bivens* is to deter the *officer*.' *Bivens* is not designed to hold officers responsible for acts of their subordinates." *Ziglar* 137 S.Ct. at 1860 (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 485 (1994)) (emphasis in original)).

For all of these reasons, the Court finds that Jordan's allegations that Ian Connors failed to investigate Jordan's claims and/or otherwise denied his various administrative appeals is insufficient to state a constitutional *Bivens* claim against him for monetary damages. At most, Jordan alleges that, although he complained to Connors regarding various incidents that occurred at USP-McCreary via his administrative appeals, his requests for relief were denied or rejected. However, particularly with respect to central administrative officials, such allegations are insufficient to establish personal involvement with respect to Jordan's claims of constitutional violations.

*Pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 596 (1972), but the Court cannot create claims or allegations that the plaintiff has not made. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading."); *Nali v. Ekman*, 355 F. App'x 909, 912 (6th Cir. 2009) (Sutton, J., dissenting) ("when a *pro*

*se* litigant asks us to identify any potentially winning arguments in his lower court pleadings, he is asking us to create, not correct, potential disparities in the legal system."). Because Jordan's complaint fails to state a claim against Defendant Ian Connors, the only individual named as a Defendant, it must be dismissed.

Accordingly, it is hereby **ORDERED** as follows:

1. Jordan's complaint [D.E. No. 14] is **DISMISSED WITHOUT PREJUDICE**.

2. Any pending requests for relief, including Jordan's request for service documents [D.E. No. 15] are **DENIED AS MOOT**.

3. **JUDGMENT** shall be entered contemporaneously with this Order.

4. This matter is **STRICKEN** from the Court's docket.

This 14th day of September, 2020.

Signed By:
_Henry R Wilhoit Jr._
**United States District Judge**

9